**FILED**
**Nov 19, 2020**
**11:11 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT KNOXVILLE

| | |
|---|---|
| **BRETT ROSASCO,** | ) **Docket No. 2019-03-1563A** |
| **Employee,** | ) |
| **v.** | ) |
| **WEST KNOXVILLE PAINTERS,** | ) |
| **LLC,** | ) **State File No. 114808-2019** |
| **Employer,** | ) |
| **and** | ) |
| **STATE FARM FIRE AND** | ) |
| **CASUALTY COMPANY,** | ) **Judge Pamela B. Johnson** |
| **Carrier.** | ) |

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

West Knoxville Painters, LLC (WKP) moved for summary judgment on grounds that no genuine issues of material fact exist as to whether Mr. Rosasco suffered injuries arising primarily out of his employment. For the reasons below, the Court holds that WKP is entitled to summary judgment.

### History of Claim

On October 31, 2019, Mr. Rosasco was painting the exterior of a house for WKP. He left the jobsite and used a portable restroom located in the street and not on any particular lot or property. While inside the portable restroom, he heard a loud crack and rushed outside, where a dead tree fell on him, causing his injuries.

WKP did not obtain or place the portable restroom for its employees working at the jobsite. Its standard practice was for employees to use the customer's restroom with the customer's permission. In contrast, Mr. Rosasco stated he was told to use the portable restroom in the street, but he did not identify the person who told him.

Neither WKP nor Mr. Rosasco noted anything dangerous about the location of the restroom. However, WKP did not visit the jobsite before the day of Mr. Rosasco's injury.

1

On the morning of the accident, a storm system produced strong wind gusts in the area where Mr. Rosasco was working. Mr. Rosasco described the weather as "really, really windy," causing him to take a break from painting.

WKP denied benefits for Mr. Rosasco's injury because his injury did not arise primarily out of his employment as the incident was an "act of God."

Mr. Rosasco filed a Request for Expedited Hearing, and the Court held Mr. Rosasco failed to show that he is likely to prevail at a hearing on the merits that his injury arose out of his employment. Mr. Rosasco appealed, and the Appeals Board affirmed.

WKP filed this summary judgment motion, arguing that the evidence showed that: (1) Mr. Rosasco's injuries were caused by an act of God when the wind blew over the tree during a strong storm, and (2) Mr. Rosasco's employment did not subject him to a hazard uncommon to the general public or peculiar to the nature of the employment and the condition under which the employment requirements were performed.

Mr. Rosasco opposed summary judgment, arguing that a dead tree falling during a windstorm is not an act of God. He claimed his injuries arose from a risk not common to the public at large because he would not have been using the portable restroom had he not been working, and the public would have no reason or permission to use this particular restroom. Mr. Rosasco asserted the dead tree should have been cut down to prevent it failing on passers-by. He insisted that, when a dead tree is blown over in a windstorm, such incident is neither unpreventable nor exceptional, inevitable, and irresistible as the exercise of due care can prevent it.

Additionally, relying on tort cases and a negligence/proximate-cause analysis, Mr. Rosasco argued that WKP cannot escape liability if the injury would not have occurred except for the failure to exercise due care. Specifically, he asserted that the property owner's negligence in failing to remove a dead tree was an intervening cause to the heavy winds which blew down the tree and was the proximate cause of his injuries.

Instead of injuries suffered during an act of God, Mr. Rosasco argued that he became injured while seeking personal comfort measures, which makes WKP liable for his injuries.

### Findings of Fact and Conclusions of Law

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2020).

2

When a party who does not bear the burden of proof at trial files a motion for summary judgment, it must do one of two things to prevail: (1) submit affirmative evidence that negates an essential element of the nonmoving party's claim, or (2) demonstrate that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. Tenn. Code Ann. § 20-16-101 (2019); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

If the moving party successfully meets one of those elements, the nonmoving party must respond by producing affidavits, pleadings, depositions, responses to interrogatories, or admissions that set forth specific facts showing that there is a genuine issue for trial. Tenn. R. Civ. P. 56.06. If the nonmoving party fails to do so, "summary judgment, if appropriate, shall be entered against the [nonmoving] party." *Id.*

In this case, WKP argued it submitted evidence negating an essential element of Mr. Rosasco's claim and/or showed that Mr. Rosasco's evidence is insufficient to establish an essential element of his claim. Specifically, it argued that Mr. Rosasco's injury did not arise out of his employment because the wind causing the tree to fall was an act of God. Mr. Rosasco disputed that an act of God occurred. Alternatively, argued that the failure to cut down the dead tree was negligence and the proximate cause of his injuries, thus breaking the causal connection to an act of God event. He further argued that his injury occurred while using the restroom, so the personal comfort doctrine brought his injuries within the course and scope of his employment.

The Workers' Compensation Law defines injury as one that arises primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(14) (2019). The phrase "arising out of" refers to a causal connection between the conditions under which the work is required to be performed and the resulting injury. *See Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 676 (Tenn. 1991). This means that the event causing the injury must have its origin in a risk connected with the employment. *Id.* The phrase "in the course and scope" refers to the time, place, and circumstances of an employee's injury. *See Crew v. First Source Furniture Grp.*, 259 S.W.3d 656, 664 (Tenn. 2008).

Regarding Mr. Rosasco's personal comfort argument, Tennessee has long recognized this doctrine, which generally brings injuries that occur during activities that minister to the employee's personal comfort within the course and scope of employment. *See Jacobs v. Bridgestone Americas Tire Operations, LLC*, 2018 TN Wrk. Comp. App. Bd. LEXIS 4, at *12-13 (Feb. 7, 2018). However, whether Mr. Rosasco was in the course and scope of his employment is not at issue, as the parties agreed that he was. So, the Court finds this argument inapplicable for purposes of overcoming summary judgment.

The Court must determine instead whether WKP submitted evidence negating, or whether Mr. Rosasco sufficiently demonstrated, that his injury arose primarily out of his employment. Neither party disputed that Mr. Rosasco was in the area because of his

employment. However, he must come forward with more than his mere presence at the place of injury to satisfy the "arising out of" requirement.

"When an employee is injured as a result of an 'act of God' or a natural hazard, to satisfy the 'arising out of' requirement, the employee must prove that the injury was caused by an increased risk peculiar to the nature of the employment and not a hazard common to the general public at the time and place where it occurred." *Rosasco v. W. Knoxville Painters*, 2020 TN Wrk. Comp. App. Bd. LEXIS 57, at *7-8 (Aug. 18, 2020) (internal citations omitted). Generally, an injury does not arise out of the employment unless it "emanate[d] from a peculiar danger or risk inherent to the nature of the employment. Thus, an injury purely coincidental, or contemporaneous, or collateral, with the employment . . . will not cause the injury . . . to be considered arising out of the employment." *Id.* (internal citations omitted).

Mr. Rosasco denied that the dead tree falling during a windstorm was an act of God. He insisted that this incident was not unpreventable, exceptional, inevitable, and irresistible because it can and should be prevented or avoided by the exercise of due care or foresight.

The Appeals Board disagreed, finding:

> We do not find controlling or persuasive Employee's argument distinguishing the forces of nature described as the windstorm from the hazard presented by the dead tree. Rather, we see the dispositive issue as whether there was a causal connection between the conditions under which Employee was required to work and his resulting injuries. Based on the evidence introduced at the expedited hearing, the trial court concluded Employee's work activities did not present a risk greater than the risk common to the general public at the same time and place. We conclude the evidence does not preponderate against this finding.

*Id.* at *9-10.

Applying this ruling to the facts of Mr. Rosasco's case, the Court finds his work as a painter placed him at no increased risk peculiar to his employment that a dead tree might fall on him. The general public at the same time and in the same place bore the same risk. Moreover, neither WKP nor Mr. Rosasco observed anything overtly dangerous about the location of the portable restroom.

Viewing this evidence in the light most favorable to Mr. Rosasco, the Court finds WKP: (1) submitted affirmative evidence negating an essential element of his claim, and (2) demonstrated that his evidence is insufficient to establish an essential element of the claim. Therefore, the Court finds that no genuine disputed issues of material fact exist concerning whether his injury arose out of his employment.

4

**IT IS, THEREFORE, ORDERED AS FOLLOWS:**

1. The Court grants WKP's motion for summary judgment and dismisses Mr. Rosasco's claim with prejudice to its refiling.

2. Unless appealed, this order shall become final in thirty days.

3. The Court assesses the $150.00 filing fee against WKP, for which execution might issue as necessary. WKP shall pay the filing fee to the Court Clerk within five business days of the order becoming final.

4. WKP shall file Form SD-2, Statistical Data form, with the Court Clerk within five business days of this order becoming final.

**ENTERED November 19, 2020.**

**JUDGE PAMELA B. JOHNSON**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on November 19, 2020.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Cary L. Bauer, Employee's Attorney | | X | clbauer@sidgilreath.com |
| Allen Callison, Employer's Attorney | | X | allen.callison@mgclaw.com |

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**

5



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. *See* Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties
**Appellant(s)** (Requesting Party): _____    ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s) (Opposing Party):** _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

LB-1108 (REV 11/15)                                                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries        $ _____ per month    Telephone       $ _____ per month

Electricity      $ _____ per month    School Supplies $ _____ per month

Water            $ _____ per month    Clothing        $ _____ per month

Gas              $ _____ per month    Child Care      $ _____ per month

Transportation  $ _____ per month    Child Support   $ _____ per month

Car              $_____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile             $ _____        (FMV) _____

Checking/Savings Acct. $ _____

House                  $ _____        (FMV) _____

Other                  $ _____        Describe:_____

11. My debts are:

Amount Owed                    To Whom

_____          _____

_____          _____

_____          _____

_____          _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**


_____
APPELLANT


Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.


_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                    RDA 11082